**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherri Tetachuk,<br><br>  Plaintiff,<br><br>v.<br><br>DCC Incorporated,<br><br>  Defendant. | No. CV-20-00080-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Sanctions (Doc. 23) to which Defendant has responded (Doc. 26) and Plaintiff replied (Doc. 29). No oral argument has been requested and the Court now rules.

Plaintiff worked for Defendant for several years. Her compensation included a base salary, commission based on various programs and tiers, and bonuses. The parties' current dispute revolves around Plaintiff's claims that Defendant did not fully compensate her for her during her employment. In the motion pending before the Court, Plaintiff moves for sanctions under Fed. R. Civ. P. 37(b) based on Defendant's failure to comply with its discovery obligations. The discovery dispute centers around any information used and/or necessary to calculate compensation owed to Plaintiff for 2019. Plaintiff says Defendant has failed to list and produce documents and electronically stored information ("ESI") relevant to Plaintiff's claims. Plaintiff argues that this failure violates obligations imposed by Fed.R.Civ.P. 26(a)(1) and the Mandatory Initial Discovery Pilot ("MIDP") General Order. However, Defendant argues it has complied with MIDP and Rule 26 requirements

and that any further discovery should be pursued and narrowed through discovery requests.

On June 24, 2020, the Court held a discovery conference to discuss Defendant's perceived deficiencies. The Court ordered Defendant to provide a list of Plaintiff's 2019 accounts and a description of how her pay, from all sources, was calculated. Defendant was ordered to provide this information within 3 weeks, by July 15, 2020. Plaintiff later emailed the Court to request permission to file a motion for sanctions. The motion for sanctions has nothing to do with the Court's June 24, 2020 order but instead relates to general noncompliance with MIDP and Rule 26.

Pursuant to the MIDP and Fed.R.Civ.P. 26(a)(1), Defendant has a duty to (1) identify and list documents and ESI known to exist, whether or not in Defendant's possession, custody or control, that may be relevant to Plaintiff's claims and Defendant's defenses; 2) investigate and identify where all relevant information is located; and 3) properly search and produce the documents and ESI identified and listed. However, Federal Rule of Civil Procedure 26(d) puts some limits on the discovery requirements, limiting discovery to non-privileged material that is proportional to the needs of the case.

Under Rule 37(b)(2)(A), if a party fails to obey an order to provide or permit discovery, the Court may issue "further just orders," including an order under Rule 37(a) to compel disclosure. If the Court finds such a failure, the Court may award sanctions unless the "failure was substantially justified, or other circumstances make an award of expenses unjust." However, a motion for sanctions should be preceded by an order to compel.

Plaintiff has not adequately established Defendant's failure to comply with its discovery obligations, nor has she requested an applicable order to compel. Based on the pleadings and attachments, it is unclear that Defendant has failed to comply with the obligations of MIDP and Fed.R.Civ.P. 26(a)(1). Defendant provided a list of the evidence available in the MIDP and production of the ESI was not due at the same time as the MIDP responses. The only order to compel was with respect to the 2019 pay calculations, made at the discovery conference, yet the failure to produce these calculations is not the

foundation Plaintiff rests on in her motion for sanctions.

Additionally, Plaintiff's motion is premature. Plaintiff filed this motion before serving any Requests for Production of Documents, Requests for Admissions or Interrogatories. This motion was also filed prior to the parties entering a stipulated protective order. Further, Plaintiff's requests as defined in the letter to opposing counsel (Exhibit C) are over broad and potentially irrelevant to the issue of calculating compensation. Finally, Plaintiff's requested relief in the proposed order (Doc. 23-1) is not sufficiently narrow or specific to be able to enforce.

However, there is one area of information that the Court determines should be or should have been disclosed by the Defendant. Both parties discuss a "Hypothetical True Up," which is described as Defendant's calculation of what Plaintiff should have been paid in 2019. Plaintiff says that none of the source documents or other ESI used and relied on to create the Hypothetical True Up was disclosed. That information is clearly relevant, sufficiently narrow, and should have been disclosed after the discovery conference in June. While technically the order only said to provide the list and description, Rule 26 would necessarily then require the source documents. Therefore,

**IT IS ORDERED** that Defendant provide the source documents and ESI used and relied on to create the Hypothetical True Up to Plaintiff by January 18, 2021. Defendant must file a notice with the Court that it has complied with this order by no later than January 18, 2021. If no notice is filed, the Court will schedule a telephonic hearing to discuss sanctions.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Sanctions (Doc. 23).

Dated this 4th day of January, 2021.

Honorable Susan M. Brnovich
United States District Judge